UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60483-CIV-ZLOCH

ACCESS FOR THE DISABLED,
INC., et al.

    Plaintiffs,

vs.                               **O R D E R**

T.S. MARGATE CO., LTD.,

    Defendant.
_____/

THIS MATTER is before the Court upon Defendant T.S. Margate's Motion In Limine (DE 41). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiffs initiated the above-styled cause alleging that certain structural defects exist at Defendant's subject property violate the Americans With Disabilities Act of 1993, 42 U.S.C. §§ 12181, et seq. (hereinafter "ADA"). Plaintiffs retained an expert to inspect the subject property during discovery and to issue a report on the same.[1] Pursuant to Federal Rule of Civil Procedure 26(a)(2) Plaintiffs timely disclosed this report to Defendant. DE 24, Ex. A.

Defendant filed the instant Motion (DE 41) after reviewing Plaintiffs' Proposed Findings Of Fact And Conclusions Of Law (DE

---

[1] The discovery in this matter took place in a prior action, dismissed for Plaintiffs' failure to file a Pre-trial Stipulation or Unilateral Pre-trial Catalogue. See Case No. 07-60955-CIV-ZLOCH of the Southern District of Florida.

38), filed for the Court's use during the bench trial to be held beginning Thursday, July 17, 2008. Defendant argues that the testimony given at trial by Plaintiffs' expert should be limited to the content of his disclosed report.

Federal Rule of Civil Procedure 26 requires that an expert report contain "a <u>complete</u> statement of <u>all</u> opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). Thus, a party is prohibited from introducing at trial any evidence, including expert opinions, not contained in an expert report and properly disclosed. Fed. R. Civ. P. 37(c)(1). Therefore, Plaintiffs' will be prohibited from eliciting from their expert at trial any opinion or testimony not previously disclosed in their expert report. <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 728 (11th Cir. 2004).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant T.S. Margate's Motion In Limine (DE 41) be and the same is hereby **GRANTED**;

2. If permitted to testify, Plaintiffs' expert William Norkunas's testimony will be limited to those opinions previously disclosed to Defendant in his ADA Expert Report (DE 24, Ex. A). No other opinions may be offered; and

3. Defendant's Motion To Exclude Plaintiffs' Expert Testimony Or, In the Alternative, For A <u>Daubert</u> Hearing (DE 24) remains

pending and a <u>Daubert</u> hearing will be taken up before trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___15th___ day of July, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record